**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARMONY HAUS WESTLAKE, L.L.C., LING ZHOU, and FENGLIN DU, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:20-cv-00486 |
| PARKSTONE PROPERTY OWNERS ASSOCIATION, INC., | § § § § | |
| Defendant. | § § § | |

## AFFIDAVIT OF DANIEL RAGETTÉ

BEFORE ME, the undersigned authority, personally appeared Daniel Ragetté who, being duly sworn, deposed as follows:

"My name is Daniel Ragetté. I am over the age of 18 years, of sound mind and fully competent to make this affidavit. I have personal knowledge of the facts contained in this affidavit and they are all true and correct.

1.  "I am the co-founder and managing partner for Harmony Haus Westlake, L.L.C ("Harmony Haus"). I manage the business operations of Harmony Haus and oversee the two sober living residences/communities operated by Harmony Haus or its affiliated entity, Harmony Haus, L.L.C.

2.  "The facts recounted in the foregoing Plaintiffs' Amended Motion for Temporary Restraining Order and Preliminary Injunction (the 'Motion') are true and correct.

3.  "Attached as Exhibit B to the Motion is a true and correct copy of the March 5, 2020, Amendment to Bylaws of Parkstone Property Owners Association, Inc., and the March 5, 2020, Amendment to Rules of Parkstone Property Owners Association, Inc.

1

4. "Attached as Exhibit C to the Motion are true and correct copies of correspondence from the Parkstone Property Owners Association, Inc. and/or its management entity.

5. "In light of the shelter-in-place order in effect until May 1, 2020, the residents of the sober living residence at issue in this case could not go to work or engage in any other activity outside the residence, unless that work or other activity met the conditions specified in the order. Consequently, except when certain residents had grounds for leaving the sober living residence that qualified as permissible under the order, they could not take any measures to move their vehicles elsewhere for purposes of complying with the Parkstone Property Owners Association, Inc.'s parking restrictions.

6. "Despite the expiration of the shelter-in-place order in the City of Austin, many businesses remain closed, including businesses owned by or employing a number of the residents of the sober living residence at issue in this case.

7. "Also, many of the residents have had to take contract work in their respective professions because of the current health crisis, as opposed to seeking regular employment in a standard office setting, and must therefore continue to pursue such activities in the home until such time as they are able to pursue regular employment.

8. "Several current residents of the sober living residence at issue in this case have compromised immune systems which make them both more vulnerable to COVID-19 and more susceptible to its potentially lethal impact. Such individuals continue to need to shelter in place for their own safety, regardless of the fact that the City of Austin no longer has a formal shelter-in-place order in effect.

9. "The residents of the sober living residence at issue in this case cannot (1) keep eight vehicles in the driveway and garage in any event, or (2) move all the vehicles in and out of the driveway every time a resident has to leave. As an initial matter, residents are in many cases working from home or taking meetings and the like and cannot rush outside to move cars around at any given moment. Secondly, during the course of the preceding litigation between the parties, the Parkstone Property Owners Association, Inc., put forward as a partial basis for its resistance to Harmony Haus' intended use of the residence that the residents made too much noise in moving their vehicles in and out of the driveway.

10. "Harmony Haus would literally have to close the sober living residence at issue in this case if it either (1) had to keep eight cars in the garage and driveway, which would prove completely unmanageable, or (2) had to pay fines for every alleged violation based on its inability to keep eight cars in the garage and driveway.

11. "Attached as Exhibit D to the Motion are true and correct copies of photographs of the sober living residence at issue in this case and the relevant street.

12. "The homeowners of the residence at issue—Ling Zhou and Fenglin Du—have informed me repeatedly within the last week that they will commence eviction proceedings immediately if the fines from Defendant continue to mount."

SIGNED on June 10, 2020.

_____
Daniel Ragetté, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on June 10, 2020, by Daniel Ragetté.



_____
NOTARY PUBLIC

3