# EXHIBIT B

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

Dana DeBeauvoir, County Clerk
Travis County, Texas
Mar 05, 2020 01:04 PM    Fee: $30.00
**2020037044**
*Electronically Recorded*

STATE OF TEXAS § 

COUNTY OF TRAVIS §

## AMENDMENT TO BYLAWS
## OF
## PARKSTONE PROPERTY OWNERS ASSOCIATION, INC.

> **Document reference.** Reference is hereby made to that certain <u>Revised and Restated Declaration of Covenants, Conditions and Restrictions Parkstone P.U.D., Phase I</u>, filed at Volume 13258, Page 0038 of the Real Property Records of Travis County, Texas, and that certain <u>Deed Restriction Clarification, Agreement and Amendment Parkstone Phase I</u>, filed as Document No. 2005192513 in the Official Public Records of Travis County, Texas, and the <u>Amendment to Revised and Restated Declaration of Covenants, Conditions and Restrictions, Parkstone P.U.D., Phase 1</u>, filed as Document No. 2013179688 in the Official Public Records of Travis County, Texas (collectively, together with all amendments and supplements thereto, the "**Declaration**").
>
> Reference is further made to the Bylaws of Parkstone Property Owners Association, Inc., filed s Document No. 1999161860, and the <u>Amendment to Bylaws of Parkstone Property Owners Association, Inc.</u>, filed as Document No. 2008189828 in the Official Public Records of Travis County, Texas (collectively, together with all amendments thereto, the "**Bylaws**").

WHEREAS owners of lots subject to the Declaration are automatically made members of the Parkstone Property Owners Association, Inc. (the "**Association**");

WHEREAS acting through its Board of Directors (the "**Board**"), the Association is authorized by Declaration section 4.4(c) and Texas Business Organizations Code section 22.102(c) to amend the Bylaws;

WHEREAS the Board voted at a meeting held March 3, 2020, to amend Bylaws section 4.1.1, Rulemaking Authority, to read as follows:

> "4.1.1 <u>Rulemaking Authority.</u> The Board of Directors is specifically empowered to adopt, amend and repeal rules governing the use of all property subject to the Declaration, and the personal conduct of the Members, residents, tenants, and guests thereon, and to establish penalties for the infraction of any Declaration, Bylaw or rule provision. The Owner of a Lot is responsible for all infractions committed by himself/herself, residents, guests and invitees and those of any tenant and tenant's guests or invitees."

THEREFORE the above amendment to Bylaws section 4.1.1 has been, and by these presents is, ADOPTED and APPROVED.

Subject solely to the amendment contained herein, the Bylaws remain in full force and effect.

*Signature page follows*

**PARKSTONE PROPERTY OWNERS ASSOCIATION, INC.**
Acting by and through its Board of Directors

By: ___[signature]___
Name: Brian Pye
Title: Director

## Acknowledgement

STATE OF TEXAS §
§
COUNTY OF Travis §

This instrument was acknowledged before me on this 4th day of March 2020, by Brian Pye, in the capacity stated above.

___[signature] Margaret LaMore___
Notary Public, in and for the State of Texas

MARGARET LAMORE
Notary ID #124594652
My Commission Expires
October 12, 2023

/Volumes/File Server/CLIENTS/Parkstone/BylawAmend3-4-20.doc

**After recording, please return to:**
Niemann & Heyer, L.L.P.
Attorneys At Law
Westgate Building, Suite 313
1122 Colorado Street
Austin, Texas 78701

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

*[signature]* Dana DeBeauvoir

Dana DeBeauvoir, County Clerk
Travis County, Texas
Mar 05, 2020 01:06 PM   Fee: $54.00
**2020037045**
*Electronically Recorded*

STATE OF TEXAS §

COUNTY OF TRAVIS §

# AMENDMENTS TO RULES
# OF
# PARKSTONE PROPERTY OWNERS ASSOCIATION, INC.

> **Document reference.** Reference is hereby made to that certain <u>Revised and Restated Declaration of Covenants, Conditions and Restrictions Parkstone P.U.D., Phase I</u>, filed at Volume 13258, Page 0038 of the Real Property Records of Travis County, Texas, and that certain <u>Deed Restriction Clarification, Agreement and Amendment Parkstone Phase I</u>, filed as Document No. 2005192513 in the Official Public Records of Travis County, Texas, and the <u>Amendment to Revised and Restated Declaration of Covenants, Conditions and Restrictions, Parkstone P.U.D., Phase 1</u>, filed as Document No. 2013179688 in the Official Public Records of Travis County, Texas (collectively, together with all amendments and supplements thereto, the "**Declaration**").
>
> Reference is further made to the Bylaws of Parkstone Property Owners Association, Inc., filed s Document No. 1999161860, and the <u>Amendment to Bylaws of Parkstone Property Owners Association, Inc.</u>, filed as Document No. 2008189828 in the Official Public Records of Travis County, Texas (collectively, together with all amendments thereto, the "**Bylaws**").
>
> Reference is further made to the Resolution adopting various policies, filed as Document No. 2011131023 in the Official Public Records of Travis County, Texas (collectively, together with all amendments and additions thereto, the "**Rules**").

WHEREAS Owners of lots subject to the Declaration are automatically made members ("the **Members**") of the Parkstone Property Owners Association, Inc. (the "**Association**");

WHEREAS the Association's Board of Directors (the "**Board**") is authorized by Bylaws section 4.1.1 to adopt and amend rules governing use of all property subject to the Declaration;

WHEREAS the Board voted at a meeting held March 3, 2020, to amend the Rules by adopting the following:

    Enforcement Policy, attached as Exhibit "A"
    General, attached as Exhibit "B"

THEREFORE the Rules set forth in attached Exhibits A and B have been, and by these presents are, ADOPTED and APPROVED.

Subject solely to the amendments contained herein, the Rules remain in full force and effect. Except as provided herein, defined terms are as defined in the Declaration.

*Signature page follows*

© 2020 Niemann & Heyer LLP

**PARKSTONE PROPERTY OWNERS ASSOCIATION, INC.**
Acting by and through its Board of Directors

By: _____
Name: _Brian Pye_____
Title: _Director_____

## Acknowledgement

STATE OF TEXAS        §
                      §
COUNTY OF _Travis_    §

This instrument was acknowledged before me on this _4th_ day of _March_ 2020, by _Brian Pye_____, in the capacity stated above.

_____
Notary Public, in and for the State of Texas

**After recording, please return to:**
Niemann & Heyer, L.L.P.
Attorneys At Law
Westgate Building, Suite 313
1122 Colorado Street
Austin, Texas 78701

MARGARET LAMORE
Notary ID #124594652
My Commission Expires
October 12, 2023

© 2020 Niemann & Heyer LLP

EXHIBIT "A"

## ENFORCEMENT POLICY

> ### Summary of Enforcement Policy
>
> 1. Send Courtesy Warning Letter (curable violations only - optional)
> 2. Send 209 Violation Notice (In accordance with Texas Property Code Ch. 209)
> 3. Levy fines and/or damage assessments as appropriate
> 4. Subsequent Violation Notices (optional)
>
> *The Board may vary from this policy on a case-by-case basis so long as the enforcement process meets state law requirements. Variances may include sending no Courtesy Warning Letter, sending more than one, and/or setting fines at levels other than as indicated on the Standard Fine Schedule.*

1. **Types of Violations and Acts Covered.** The Board has adopted this policy to address situations where an Owner has committed or is responsible for a violation of the deed restrictions <u>other than</u> by failing to pay assessments or other sums due to the Association. Delinquency violations are handled by an alternate process. This policy also covers situations where an Owner or someone the Owner is responsible for has damaged Association property.

2. **Violation Notices.**

   i. <u>Courtesy Warning Letter (curable violations only; optional).</u> Upon becoming aware of a deed restriction violation that is curable (*see* Section 3(i) below) and at the sole option of the Board or management professional, the Association may send a Courtesy Warning Letter requesting that the Owner cure that violation by a date certain to avoid fines or other enforcement action.

   ii. <u>209 Violation Notice.</u> If a violation is not cured in response to any Courtesy Warning Letter or if a Courtesy Warning Letter is not sent, the Board, in addition to all other available remedies, may:

   A. Levy a fine; or
   B. Charge the Owner for damage to common area.

   Any such action shall be initiated by sending a 209 Violation Notice to the Owner. The 209 Violation Notice shall:

   A. Be in writing and sent certified mail to the most current Owner address shown on the Association's records;
   B. Describe the violation or property damage at issue;

© 2020 Niemann & Heyer LLP

    C. State the amount of any property damage charge or fine that may be levied against the Owner;
    D. <u>If the violation is curable and does not pose a threat to public health or safety</u>, state a reasonable, specific date by which the Owner may cure the violation and avoid any fine levied in the 209 Violation Notice; (there is no right to cure if the violation is uncurable, poses a threat to health or safety, or involves damage to property);
    E. Inform the Owner that he has a right to request a Board hearing to discuss the enforcement action on or before the 30th day after the notice was mailed to the Owner (*see* Section 6 below);
    F. Inform the Owner that he will be responsible for attorney fees and costs incurred in relation to the violation if the violation continues after a specific date; such fees and costs may be assessed to the Owner's account after a hearing is held or, if a hearing is not requested, after the deadline for requesting a hearing has passed;
    G. Inform the Owner that he may have special rights or relief related to enforcement under federal law, including the Servicemembers Civil Relief Act; and
    H. Otherwise comply with Section 209 of the Texas Property Code and state law.

  iii. <u>Subsequent Violation Notices for continuing or repeat violations.</u> If an Owner has been sent a 209 Violation Notice for a particular violation and the same violation continues or a similar violation is committed within six months of the 209 Violation Notice, <u>the Association may levy additional fines either with or without notice to the Owner</u>. If it desires to send notice of additional fines, the Association shall do so by means of a Subsequent Violation Notice. A Subsequent Violation Notice may be of any form and sent in any manner, as by law such notices <u>are not required to comply with Section 209</u> of the Texas Property Code, including the requirements set forth in Section 2(ii) above.

3. **209 Violation Notices – Curable vs. Uncurable Violations.**

  i. <u>Curable Violation.</u> Curable violations are those that are ongoing or otherwise can be remedied by affirmative action. The following is a non-exhaustive list of curable violations: ongoing parking violations; maintenance violations; failing to construct improvements or modifications in accordance with approved plans and specifications; and ongoing noise violations such as a barking dog.

  ii. <u>Uncurable Violation.</u> Uncurable violations include those that are not of an ongoing nature, involve conditions that otherwise cannot be remedied by affirmative action, and those that pose a threat to public health or safety. The following is a non-exhaustive list of uncurable violations: shooting fireworks, committing a noise violation that is not ongoing, damaging common area property, and holding a prohibited gathering.

4. **209 Violation Notices -- When a fine or damage assessment may be levied; Board hearings.**

  i. <u>Curable Violations – Initial Fine.</u> If an Owner is sent a 209 Violation Notice for a curable violation and cures that violation by the deadline in such notice, any fine

© 2020 Niemann & Heyer LLP

noted in the 209 Violation Notice shall not be levied. If the Owner fails to cure the violation by the deadline, any fine noted in the 209 Violation Notice shall be levied after the time has lapsed for the Owner to request a Board hearing, or, if a hearing is timely requested, after the date the hearing is held and a decision is made to uphold the fine.

    ii. <u>Uncurable Violations – Initial Fine/damage assessment.</u> A fine or property damage assessment may be imposed in a 209 Violation Notice for an uncurable violation, regardless of whether the Owner subsequently requests a Board hearing.

    iii. <u>Subsequent Fines.</u> This Section 4 <u>does not</u> apply to fines levied after the initial fine. (*See* Section 2(iii) – Subsequent Violations, above.)

5. **Standard Fine Schedule.** Below is the Standard Fine Schedule for deed restriction violations. *The Board may vary from this schedule on a case-by-case basis (i.e., set fines higher or lower than indicated below), so long as that decision is based upon the facts surrounding that particular violation. <u>The Board also may change the fine amounts in this Standard Fine Schedule at any time by resolution, with no need to formally amend this Enforcement Policy.</u>*

    i. <u>Curable Violations.</u>

        A. Courtesy Warning Notice: No fine.

        B. 209 Violation Notice: $25.00 fine (daily/weekly or one-time); and/or Suspension of common area usage rights, if allowed under the governing documents.

        C. Subsequent Violation Notices: $50.00 fine (daily/weekly or one-time); $100.00 fine (daily/weekly or one-time); $125.00 fine (daily/weekly or one-time); (Increases $25.00 for each additional notice).

    ii. <u>Uncurable Violations.</u>

        A. 209 Violation Notice: $100.00 fine; or Property damage assessment.

        B. Subsequent Violation Notices: $150.00 fine; $175.00 fine; $200.00 fine; (Increases $25.00 for each additional notice).

© 2020 Niemann & Heyer LLP

6. **Hearings.** If an Owner receives a 209 Violation Notice and requests a hearing in a timely manner, that hearing shall be held in accordance with Section 209.007 of the Texas Property Code. The Board may impose rules of conduct for the hearing and limit the amount of time allotted to an Owner to present his information to the Board. The Board may either make its decision at the hearing or take the matter under advisement and communicate its decision to the Owner at a later date.

7. **Authority of agents.** The management company, Association attorney, and other authorized agents of the Association are granted authority to send violation notices, levy initial or subsequent fines according to the Standard Fine Schedule, and levy property damage assessments, all in accordance with this Enforcement Policy. Such parties may act without any explicit direction from the Board and without further vote or action of the Board. The enforcing party shall communicate with the Board and/or certain designated officers or agents on a routine basis with regard to enforcement actions. The foregoing notwithstanding, the Board reserves the right to make decisions about particular enforcement actions on a case-by-case basis at a properly noticed meeting if and when it deems appropriate.

8. **Future changes in state law.** This Deed Restriction Enforcement Policy is intended to reflect current state law requirements, including those established under Section 209 of the Texas Property Code. If such laws are changed in the future, this policy shall be deemed amended to reflect such changes.

9. **Force mows and other self-help enforcement action.** Notwithstanding other language herein, the management company, Association attorney, and other authorized agents of the Association are granted authority to carry out force mows or other self-help remedies on behalf of the Association, in accordance with Declaration Section 4.5(b) or other governing documents.

10. **Owners as Responsible Party.** If a family member, guest, tenant or invitee of an Owner damages Association property or commits a violation of the Association's governing documents, the related enforcement action shall be taken against the Owner, with all related damage assessments, fines, legal fees, and other charges levied against that Owner and the related lot.

© 2020 Niemann & Heyer LLP

EXHIBIT "B"

**GENERAL**

1. <u>Change of residents mandates new code.</u> Any change of residents (other than minor children) requires a new code to be issued. For example, should any individual resident vacate the home (cease to live there as a resident), or should the home be sold, the Owner of the home must notify the Association's managing agent and request a new code. **A new gate code must be requested within two business days of a resident vacating the home, and within two business days of transfer of Ownership of a home.**

2. <u>Change of code by Association; vendor codes</u>. The Association may periodically change access code(s). The Association will give the home Owner at least two business days notice of any change in code. Notice may be given by email to the email address of the home Owner per Association records.

   The Board may in its discretion establish one or more vendor codes that Owners may provide to service providers. The Board may limit hours for vendor codes, for example to daytime weekday hours. The Board may change the vendor code from time to time and provide notice, via email or otherwise in the Board's discretion, of such to the Ownership.

3. <u>Street parking time limitation</u>. No vehicle (including motorcycles and scooters) may be parked or left on any portion of the Property[1] for longer than 12 hours at a time. In other words there is a 12-hour time limit for any vehicle to be parked on a street anywhere on the Property; moving a car to a different portion of the street within the property does not re-start the 12-hour clock.

4. <u>Traffic signs</u>. Residents must respect all street traffic signs in the neighborhood (for example all vehicles must fully stop at stop signs and abide by any posted speed limit).

5. <u>No parking areas</u>. No parking is allowed within 20 feet of a street corner, within 15 feet of a fire hydrant, or within 30 feet of a stop or yield sign. Vehicles parked on the street must be parked no further than 18" from the curb.

6. <u>Email Addresses.</u> An Owner is required to keep a current email address on file with the Association. The Association has no duty to request an updated address from an Owner, whether in response to returned email or otherwise. The Association may require Owners to sign up for a group email, email list serve or other such email subscription service in order to receive Association emails.

---

[1] This 12-hour limitation does not apply to vehicles parked or left in a driveway or garage. The "Property" per the Declaration means all property in the Parkstone neighborhood – including streets and other common areas.

© 2020 Niemann & Heyer LLP

7. Updating Email Addresses. An Owner is required to notify the Association when email addresses change. Such notice must be in writing and delivered to the Association's managing agent by fax, mail, or email. In the alternative, or in lieu of this in the Association's discretion, if available, an Owner must update his email address through the Association's website, list serve, or other vehicle as directed by the Association. Any notice of email change provided to the Association's manager must be for the sole purpose of requesting an update to the Owner's email address. For example, merely sending an email from a new email address, or including an email address in a communication sent for any other purpose other than providing notice of a new email address, does not constitute a request to change or add the Owner's email in the records of the Association.

8. Single- Family Use. The Parkstone community is deed restricted to single-family use absent a legal accommodation being requested and granted by the Association. In order to be eligible for accommodation the home for which the accommodation is being requested must be no nearer than 1,000 feet to any other home in Parkstone already receiving accommodation pursuant to Federal Fair Housing laws.

9. Communications/Board member privacy. The board may require any communication related to Association matters to be through the management representative or other Association agent only (may prohibit direct communication with directors or officers). Owners and residents are asked to be mindful that Board and Officer positions are volunteer positions. No Owner, resident or agent thereof agent may enter onto a Board member's or officer's Parkstone property uninvited.

10. Association meetings and Board meetings. Attendance at Association or Board meetings is limited to Owners except by invitation.

/Volumes/File Server/CLIENTS/Parkstone/RulesAmend Revd 3-4-20.doc

© 2020 Niemann & Heyer LLP