IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARMONY HAUS WESTLAKE, L.L.C., LING ZHOU, AND FENGLIN DU | § § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:20-CV-486-XR |
| PARKSTONE PROPERTY OWNERS ASSOCIATION, INC. | § § § | |
| *Defendant.* | § § | |

## PARKSTONE'S FIRST AMENDED ANSWER AND COUNTERCLAIMS

Defendant and Counterclaimant Parkstone Property Owners Association, Inc. ("**Parkstone**" or "**Defendant**") responds to Plaintiffs' Complaint (and any amendments). Except as expressly admitted herein, the allegations of Plaintiffs' First Amended Complaint are denied.

## INTRODUCTION

1.     Since the entry of this Court's Judgment in Case No. 1-19-CV-1034-XR it has become evident that Harmony Haus Westlake, L.L.C. and the residents of its sober living home at 2105 Real Catorce (collectively, "**Harmony Haus**") cannot or will not do what this Court found they were required to do; that is, comply with the existing rules of conduct found in the Declaration of Covenants, Conditions and

Restrictions for the neighborhood. The Court was explicit with respect to that obligation:

> The remaining provisions, including the noise and nuisance provision (Section 2.8) and parking provision (Section 2.11) remain in effect, and Defendant may enforce those if there are violations, though any such enforcement must be applied in an evenhanded manner that treats handicapped and non-handicapped residents alike.

(Findings of Fact and Conclusions of Law, 1:19-cv-01034-XR, ECF No. 29 at p. 12).

2.     Despite this very clear holding, Harmony Haus continues to admit, even in its First Amended Complaint, that almost immediately after the Judgment was entered it began violating the Declaration with respect to parking.[1] In fact, it appears that Harmony Haus is incapable of compliance with the Declaration or wholly unwilling to comply with the restrictions with regard to parking. When Parkstone offered Harmony Haus an accommodation that would temporarily (due to COVID-19) waive the 12-hour street parking limit for up to four cars Harmony Haus rejected it, admitting in the First Amended Complaint that "Plaintiffs could not manage with Defendant's offered "accommodation" under the best of circumstances" and "Harmony Haus would literally have to close the Residence if it either (1) had to keep eight cars in the garage and driveway, which would prove completely unmanageable, or (2) had to pay fines for every alleged violation based on its inability to keep eight cars in the garage and driveway."[2]

---

[1] First Amended Complaint at ¶ 6 – it is notable that Harmony Haus never claims it did not violate the Declaration; only that enforcement was improper.
[2] First Amended Complaint at ¶ 28.

3.    Most of Plaintiffs' claims have been dismissed. While the retaliation claim is the sole remaining claim, it is similarly without merit. As set forth below on Parkstone's *compulsory* counterclaims, retaliation has not occurred because, amongst other reasons, there has been consistent and fair enforcement for everyone in Parkstone. And the alleged causal connection between any protected activity and Parkstone's clarification of its fining structure is inaccurate or at minimum entirely too remote as a matter of law. Fining or the threatening of fines for residents for Declaration violations is not a new concept in Parkstone and this Court already indicated Harmony Haus must follow the parking restrictions.

4.    Moreover, Harmony Haus's residents have violated the parking restrictions at a staggering rate. Over six hundred parking violations have occurred by individuals living in the Residence *after* this Court's Final Judgment. The violations are ongoing. Efforts by individuals living in the Residence to follow the parking rules have ranged from non-existent to superficial. Nor have following the parking restrictions been taken seriously by Plaintiffs.

5.    The historical analysis for Parkstone confirms that most homeowners will comply after a threat of being fined. That, unfortunately, is not the trajectory with respect to Plaintiffs. The Plaintiffs' flagrant disregard of the parking restrictions is unprecedented both in scope on the number of parking violations and the lack of substantial, meaningful efforts to rectify such parking violations so fines do not continue to accrue.

6.     Indeed, instead of doing what was necessary to live within the limits imposed by the Declaration and this Court's Judgment, Harmony Haus filed this new lawsuit using the current crisis as an excuse for its failure to follow the same rules as every other resident of the Parkstone neighborhood. Ironically the current crisis should make it *easier* for Harmony Haus to comply with the restrictions. If more residents are home, it is easier to move cars.  If only a handful of residents are leaving the home to go to work, it is easy to park their cars "last" in the driveway, or on the street in compliance with the 12-hour rule. As will be shown, Harmony Haus's residents were violating the parking restrictions before the shelter-in-place orders were imposed and those residents have continued to violate the restrictions even while pandemic restrictions have partially lessened in Austin.

## RESPONSE TO PLAINTIFFS' INTRODUCTION

7.     Defendant admits Plaintiffs purport to invoke the Fair Housing Act for their benefit but denies any wrongdoing and further denies Plaintiffs are entitled to any relief. Defendant also denies the remainder of the allegations in paragraph number 1.

8.     Defendant admits Harmony Haus operates a business at 2105 Real Catorce Drive, Austin, Texas 78746 ("**Catorce house**" or "**Residence**") as well as in Hyde Park. Defendant denies the remainder of the allegations in paragraph number 2.

9. Defendant admits the Residence is within the homeowners' association operated by Defendant and Zhou and Du own the Residence. Defendant denies the remainder of the allegations in paragraph number 3.

10. Defendant admits Plaintiffs filed suit in 2019 making Fair Housing Act allegations, which resulted in a bench trial and subsequent Findings of Fact and Conclusions of Law, but Defendant denies any wrongdoing whatsoever and denies the remainder of the allegations in paragraph number 4.

11. Defendant admits it publicly filed documents with the county clarifying its existing fining enforcement protocol by adopting a standardized fining schedule for all violations in the community, after the Court's final judgment. Defendant denies the remainder of the allegations in paragraph number 5.

12. Defendant admits it sent violation notices to homeowners who had Declaration violations, which included notices to Zhou and Du. Defendant denies the remainder of the allegations in paragraph number 6.

13. Defendant admits the City of Austin issued a shelter-in-place order and at various times such orders have been extended by the City and that Governor Abbott has also issued various orders concerning Coronavirus. Defendant denies the remainder of the allegations in paragraph number 7.

14. Defendant denies the allegations in paragraph number 8.

15. Defendant denies the allegations in paragraph number 9.

16. Defendant denies the allegations in paragraph number 10.

17. Defendant admits Harmony Haus made a broad request that parking restrictions be waived indefinitely and that the movement of cars by Harmony Haus residents is noisy. Defendant denies the remainder of the allegations in paragraph number 11.

18. Defendant denies the allegations in paragraph number 12.

19. Defendant denies the allegations in paragraph number 13 and denies Plaintiffs are entitled to any relief whatsoever.

## RESPONSE TO JURISDICTION AND VENUE

20. Defendant admits the Fair Housing Act provides federal court jurisdiction under 42 U.S.C. § 3613(a), but Defendant denies any wrongdoing and denies that Plaintiffs are entitled to any relief whatsoever. Defendant denies the remainder of the allegations in paragraph number 14.

21. Defendant admits venue exists in this district as alleged in paragraph number 15, but Defendant denies any wrongdoing whatsoever.

## RESPONSE TO THE PARTIES

22. Defendant admits Harmony Haus is a Plaintiff, that Harmony Haus is attempting to operate in the Residence, and Zhou and Du are owners of the Residence. Defendant denies the remainder of the allegations in paragraph number 16.

23. Defendant admits the allegations in paragraph number 17.

## RESPONSE TO THE ALLEGED FACTS

24.     Defendant admits Zhou and Du are owners of the 2015 Real Catorce house and leased it to Harmony Haus. Defendant denies the remainder of the allegations in paragraph number 18.

25.     Defendant denies the allegations in paragraph number 19.

26.     Defendant denies the allegations in paragraph number 20.

27.     Defendant admits Plaintiffs filed suit in 2019 making Fair Housing Act allegations, which resulted in a bench trial and subsequent Findings of Fact and Conclusions of Law, but Defendant denies any wrongdoing whatsoever and denies the remainder of the allegations in paragraph number 21.

28.     Defendant admits it publicly filed documents with the county clarifying its existing fining enforcement protocol by adopting a standardized fining schedule for all violations in the community ,after the Court's final judgment. Defendant denies the remainder of the allegations in paragraph number 22.

29.      Defendant admits it sent violation notices to homeowners who had Declaration violations, which included notices to Zhou and Du. Defendant denies the remainder of the allegations in paragraph number 23.

30.     Defendant admits the City of Austin issued a shelter-in-place order and at various times such orders have been extended by the City and that Governor Abbott has also issued various orders concerning Coronavirus. Defendant denies the remainder of the allegations in paragraph number 24.

31.     Defendant denies the allegations in paragraph number 25.

32.     Defendant denies the allegations in paragraph number 26.

33.     Defendant denies the allegations in paragraph number 27.

34.     Defendant admits Harmony Haus made a broad request that parking restrictions be waived indefinitely and that the movement of cars by Harmony Haus residents could create noise. Defendant denies the remainder of the allegations in paragraph number 28.

35.     Defendant denies the allegations in paragraph number 29.

36.     Defendant denies the allegations in paragraph number 30.

37.     Defendant denies the allegations in paragraph number 31.

38.     Defendant denies the allegations in paragraph number 32 and denies Plaintiffs are entitled to any relief whatsoever.

## ALLEGED CLAIMS FOR RELIEF:
## PURPORTED VIOLATIONS OF THE FAIR HOUSING ACT

39.      For paragraph number 33, Defendant incorporates and restates its responses to the allegations contained in paragraphs numbered 1. through 32 of Plaintiff's First Amended Complaint.

40.     Defendant admits the allegations in paragraph number 34.

41.     Defendant denies the allegations in paragraph number 35.

42.     Defendant denies the allegations in paragraph number 36 including subpoints a. through d.  Moreover, all of these claims, except retaliation, have now been dismissed and should no longer be part of this lawsuit.

43.     Defendant denies the allegations in paragraph number 37.

44.     Defendant denies the allegations in paragraph number 38.

45.     Defendant denies the allegations in paragraph number 39.

## **ALLEGED RELIEF REQUESTED**

46.     Defendant admits the Fair Housing Act confers jurisdiction to enter injunctive or other relief when appropriate, but Defendant does not have information sufficient to form a belief concerning whether jurisdiction exists in this case. In particular, Defendant does not have information sufficient to determine that Plaintiffs have suffered any injury satisfying the case or controversy requirement in Article III of the United States Constitution or that Plaintiffs are likely to suffer any future injury as required for jurisdiction to grant injunctive relief to them.  There also is not an adverse action yet since none of the Plaintiffs have paid any fines to Parkstone after the first trial. Defendant denies the remainder of the allegations in paragraph number 40.

47.     To the extent a response to the prayer is required, Defendant denies any wrongdoing, denies Plaintiffs are entitled to any relief whatsoever, and denies the allegations in paragraph number 41. including subpoints a. through h.

## **<u>DEFENSES</u>**

48.     Parkstone asserts the following affirmative defenses and other defenses to the First Amended Complaint. By doing so, Parkstone does not shift or assume any

burden of proof that is Plaintiffs' burden. Parkstone reserves the right to amend or supplement these defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

49.     Plaintiffs have failed to mitigate damages by, amongst other things, not following the parking or other restrictions.

## SECOND AFFIRMATIVE DEFENSE

### (Plaintiffs' or Others' Own Conduct)

50.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' own acts or omissions caused or contributed to their alleged injuries. Moreover, the alleged violations, if any, resulted from the acts, fault, or omissions of individuals or parties other than Parkstone.

## THIRD AFFIRMATIVE DEFENSE

### (Undue Burden)

51.     Plaintiffs' reasonable accommodation claims have been dismissed and should not be part of this lawsuit any longer and Plaintiffs should replead their allegations to account for that dismissal. In the interim, while denying this is Parkstone's burden, Parkstone alleges that any accommodation requested by Plaintiffs is unreasonable because it would impose an undue financial and administrative burden on Parkstone and fundamentally alter the nature of Parkstone's operations.

## FOURTH AFFIRMATIVE DEFENSE

### (Good faith)

52. Parkstone's actions were based on legitimate reasons and were made in good faith.

## FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata and/or Collateral Estoppel)

53. Plaintiffs' claims are barred in whole, or in part, by res judicata and/or collateral estoppel including, without limitation, any attacks on Parkstone's ability to fine for Declaration violations, Constitutional challenges, and/or fiduciary duty type arguments.

## SIXTH AFFIRMATIVE DEFENSE

### (Damage Caps)

54. If Plaintiffs are seeking punitive type damages, they are subject to Defendant's rights to due process and other substantive and procedural rights conferred by the constitution of the United States. Specifically, Defendant, further alleges that Plaintiffs' potential alleged claims for exemplary/punitive damages, if any, are unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution and constitute an excessive penalty or fine in violation of the Eighth Amendment to the United States Constitution or other applicable provisions. Moreover, Plaintiffs' recovery, if any, may be limited under other limitations (constitutional, statutory, and common-law) on awards of compensatory and punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

55.     Plaintiffs' claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Business Necessity)

56.     Parkstone's actions were based on reasonable business reasons and/or justified by business necessity.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

57.     Plaintiffs have waived any attacks on Parkstone's ability to fine either because they should have been raised in the first trial between the parties and/or because they have contractually agreed to follow the Declaration and related governing documents in the lease agreement between Harmony Haus and Zhou and/or other dedicatory instruments for Parkstone.

[The remainder of this page is left intentionally blank.]

## PARKSTONE'S COUNTERCLAIMS

For its counterclaims[3] against Harmony Haus Westlake, L.L.C. and Ling Zhou and Fenglin Du ("**Plaintiffs**"), the Parkstone Property Owners Association, Inc. ("**Parkstone**" or "**Defendant**") alleges as follows:

## PARTIES

1. Plaintiff Harmony Haus Westlake, L.L.C. is the lead Plaintiff in this matter and signed a lease to operate a for-profit halfway house in a residential neighborhood with Zhou. They have already appeared in this manner. Plaintiffs Zhou and Du own the house at 2105 Real Catorce Drive, Austin, Texas 78746 ("**Catorce house**" or "**Residence**") and Du has already appeared in this manner.

2. Defendant Parkstone Property Owners Association, Inc. is a non-profit homeowners association existing under the laws of the State of Texas.

## JURISDICTION AND VENUE

3. If subject matter jurisdiction is proper for Plaintiffs' claims, this Court has jurisdiction over these Counterclaims under, and without limitation, 28 U.S.C. §§ 1331 and 1367.

---

[3] Because of Plaintiffs' pleadings, Parkstone now has to make its compulsory counterclaims under Rule 13 of the *Federal Rules of Civil Procedure (*"[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party" arising out of the same transactions).

4.     This court has personal jurisdiction over Plaintiffs because they availed themselves of the jurisdiction of this Court.  They have also engaged in acts giving rise to this controversy in this district.

5.     Plaintiffs have consented to venue in this Court by filing its First Amended Complaint against Defendant in this district and thus venue for these counterclaims are proper here.

6.     By its First Amended Complaint, Plaintiffs claim Parkstone violated the Fair Housing Act. Parkstone claims Plaintiffs claim are invalid.

7.     An actual and justiciable controversy has arisen and exists between the parties with Harmony Haus's continuing Declaration violations.

## FACTS

8.     The Parkstone Property Owners Association, Inc. is the homeowners' association governing the subdivision commonly known informally as "Parkstone." The entity is a non-profit corporation where board members served on the board as volunteers.[4]

9.     Defendant Parkstone is a property owner's association as defined in Section 202.001(2) of the *Texas Property Code* and is authorized to enforce the restrictive covenants described herein under Section 202.004(b) of the same code.  The neighborhood is governed by, among other things, the *Revised and Restated Declaration of Covenants, Conditions and Restrictions Parkstone P.U.D. Phase I*

---

[4] Parkstone asks this Court to take judicial notice of its filings with the Texas Secretary of State showing it is a Texas non-profit organization.

*Travis County, Texas* filed and recorded in volume 13258, page 0038 on August 31, 1998, in the Real Property Records of Travis County, Texas and any amendments or supplements thereto ("**Declaration**").[5] The Residence is located within the Parkstone subdivision and subject to the Declaration.[6] Zhou and Du, two of the Plaintiffs, are owners of the Residence.[7]

**Declaration and Rules violations**

10.     Historically, the parking restrictions existed before Harmony Haus leased the Residence.[8] Fining or the threats of fines also existed in Parkstone before Harmony Haus arrived and Parkstone has always made efforts to enforce its parking restrictions. To be sure, there were parking problems with different, prior tenants in this exact same Residence *before* Harmony Haus began renting this Residence. And Parkstone likewise sent correspondence to those prior tenants to follow the parking covenants.

---

[5] Parkstone asks this Court to again take judicial notice of the Declaration. This Court has already made most of the findings in this section from the first lawsuit in its Findings of Fact and Conclusions of Law, 1:19-cv-01034-XR, ECF No. 29 at pp. 1-3).

[6] *See* the amended plat attached to the deed restrictions for the areas governed by such restrictions as well as the Findings of Fact and Conclusions of Law, 1:19-cv-01034-XR, ECF No. 29 at pp. 1-3).

[7] Parkstone asks this Court to take judicial notice of the publicly filed deed of the Catorce house at 2008177714 in the Official Public Records of Travis County, Texas.

[8] *See e.g.,* Findings of Fact and Conclusions of Law, 1:19-cv-01034-XR, ECF No. 29 at p. 3 regarding a $50 fine for parking violations.

11.     Parkstone's counterclaims arise out of Plaintiffs' violations of the Declaration and Rules (defined below) despite repeated attempts by Parkstone to ensure Declaration compliance. Article 2.8 of the Declaration provides:

2.8     Noise: Nuisances.

. . . . No noise or other nuisance shall be permitted to exist or operate upon any portion of the Property so as to be offensive or detrimental to any other portion of the Property or its occupants.  No noxious or offensive activity shall be conducted on any portion of the Property. . . .[9]

Article 2.11 provides:

2.11    Vehicles; Unsightly Articles; Temporary Structures.

(a)     Passenger vehicles, motorcycles and scooters owned or used by an Owner shall not be parked or left on any portion of the Property other than such Owner's garage or driveway for longer than twelve (12) hours at a time.[10]

Finally, the Declaration requires all improvements, expressly including exterior lighting fixtures and equipment, to be approved prior to installation.[11] As owners of the Residence, Zhou and Du are responsible for the violation of these Declaration breaches.

12.     After the first trial, which confirmed Parkstone could enforce the above restrictions, Parkstone amended its Rules to have, amongst other things, further clarity and standardization for an overall fining scheme for Declaration violations.

---

[9] Declaration at § 2.8.

[10] Declaration at § 2.11.  As established in the first trial, this provision applies to Harmony Haus's members. *See* Findings of Fact and Conclusions of Law, 1:19-cv-01034-XR, ECF No. 29 at p. 3.

[11] Declaration at §§ 1.12, 2.16.

(*See Amendments to Rules of Parkstone Property Owners Associations, Inc.* at document number 2020037045 of the Official Public Records of Travis County, Texas (this document and any related amendments and supplements are referred to as the **Rules**)). The changes apply to all owners in Parkstone. Under the Rules, for curable violations there may be a courtesy warning letter. Thereafter, Parkstone can levy a fine or charge the owner for damages to common areas. There are various standardized fine levels depending on the severity and type of violation.[12] Owners are also responsible parties for any guest, tenants, or invitees.[13]

13.     The standardization of the fine schedule ensured homeowners would know how Parkstone's fining structure works – what fines will be levied in response to any Declaration violations.  This helps ensure, ironically, consistency for everyone, every time. Plaintiffs finds themselves in their current situation, not from retaliation, but because Harmony Haus refuses to follow the parking rules in contrast to what a person of ordinary prudence would do, in contrast to what Harmony Haus' Parkstone neighbors, even those with many cars, are managing to do, and in contrast to what this Court in a prior ruling expressly required Harmony Haus to do.

---

[12] *Rules* at Ex. A ¶ 5.

[13] *Rules* at Ex. A ¶ 10.  This provision rephrases a declaration requirement that "All of the Property shall be … leased… subject to the following limitations and restrictions:" Declaration at § 2 (first sentence).

.

14.     Simply put, the Declaration and Rules apply to everyone in Parkstone. And Parkstone continues to enforce Declaration and Rules violations against everyone equally.

15.     Violation letters have gone to various different residents when there have been parking violations. Unsurprisingly, most homeowners do what is reasonable and comply. But not Harmony Haus. The violations have included, without limitation, over six hundred violations of Parkstone's twelve-hour street parking limit, failing to seek architectural control committee approval on exterior lighting, and at one point repeatedly keeping on excessively bright string or other lights at night (the lights have been removed after multiple violation were incurred). Parkstone had hoped that the matter would be resolved after sending violation letters. Unfortunately, the parking problems have continued. To date, there have been over six hundred street parking violations by various Harmony Haus members in the Residence and the violations continue even after two separate TRO hearings where Harmony Haus has received repeated guidance to follow the parking restrictions.

16.     Under the Declaration, enforcement for violations of the restrictive covenants may be made the subject of a lawsuit, either to prevent or correct such violation, and to recover damages.[14] Parkstone is bringing these claims here and now

---

[14] Declaration at § 6.8.

because it is required to bring compulsory counterclaims under Rule 13 of the *Federal Rules of Civil Procedure.*

## FIRST COUNT – BREACH OF CONTRACT

17.     Parkstone incorporates by reference all allegations in the prior paragraphs above as if fully set forth herein.

18.     Plaintiffs Zhou and Du entered into a binding, valid, and enforceable agreement supported by valuable consideration, *i.e.*, the Declaration and Rules. The Declaration obligations on parking and certain other restrictions apply to Harmony Haus members as previously found by this Court.[15]   The dedicatory instruments and applicable law grant Parkstone with the authority to fine homeowners including Zhou and Du.

19.     Plaintiffs violated and/or are currently violating the Declaration and Rules as previously set forth herein either by active conduct or indirect conduct via tenant  violations of such Declaration and Rules including, without limitation, on the noise/nuisance, exterior lighting, and parking restrictions. Parkstone's land use restrictions run with the land and as homeowners are responsible for actions of any family members, tenants, invitees, guests, or others in, using, or visiting the Residence.

20.     Parkstone has performed its obligations, covenants, and promises under the Declaration and Rules.

---

[15] *See* Findings of Fact and Conclusions of Law, 1:19-cv-01034-XR, ECF No. 29 at p. 3.

21.     As a direct and proximate result of Plaintiffs (either directly or via Harmony Haus members) material breaches of the Declaration and Rules, Parkstone has incurred damages including attorneys' fees in an amount to be determined at trial. Parkstone and its residents will suffer damages including, without limitation on, increased safety issues, higher traffic congestion on the street especially since the garage is not being used, a diminution of value of the neighborhood's property rights, and loss of the aesthetic and residential character of the neighborhood. Damages also include the fines that are owed under Parkstone's dedicatory instruments.

22.     Alternatively, Parkstone seeks actual and consequential damages as well as expenses.

23.     Parkstone seeks its attorneys' fees and costs in this lawsuit under Section 5.006 of the *Texas Property Code*. These damages are permitted for a party who asserts a breach of a restrictive covenant and prevails. Separately, Section 209.008 of the *Texas Property Code* provides additional, independent grounds for the recovery of attorneys' fees, where Parkstone found it necessary to employ the undersigned counsel to enforce the Declaration.

## SECOND COUNT – CIVIL DAMAGES CHAPTER 202

24.     Parkstone incorporates by reference all allegations in the prior paragraphs above as if fully set forth herein.

25.     Parkstone requests civil damages in the amount of $200 per day against Plaintiff(s) for each day violations exist. *See* TEX. PROP. CODE. § 202.004. The violations include, without limitation: noise and nuisance violations, parking outside

of the garage or driveway areas longer than twelve (12) hours at a time, not seeking permission for the backyard exterior lighting, and damages for the past practices of having and/or keeping such exterior lighting on at night. *See* TEX. PROP. CODE. § 202.004. Parkstone seeks such damages for each day the restrictive covenants are violated, until such violations are abated.

## CONDITIONS PRECEDENT

26. All conditions precedent, if any, to Parkstone's claims for relief have been performed or have occurred.

## CONCLUSIONS AND REQUESTED RELIEF

Parkstone prays for judgment against Plaintiffs as follows:

A. Actual, nominal, and consequential damages including past due fines for the over six hundred violations that have occurred and ongoing fines that continue to accrue;

B. Civil damages for the continuing violations;

C. Prejudgment and post-judgment interest;

D. Attorneys' fees and costs (including, if necessary, any conditional award for any appeals to the Fifth Circuit Court of Appeals); and

E. Such other and further relief, at law or in equity, to which Parkstone is entitled.

Respectfully submitted,

NIEMANN & HEYER, LLP
Westgate Building, Suite 313
1122 Colorado Street
Austin, Texas 78701
Telephone: (512) 474-6901
Fax: (512) 474-0717

/s/ Eric J. Hansum
Eric J. Hansum, Of Counsel
Texas State Bar No.:  24027225
erichansum@niemannlaw.com

**ATTORNEYS FOR THE
PARKSTONE PROPERTY
OWNERS ASSOCIATION, INC.**

## CERTIFICATE OF SERVICE

I certify that on _____, 2020, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Eric J. Hansum*
Eric J. Hansum