IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARMONY HAUS WESTLAKE, L.L.C., et al., | § § § | |
| Plaintiffs and Counter-Defendants, | § § | |
| v. | § § | CIVIL NO. 1-20-CV-486-XR |
| PARKSTONE PROPERTY OWNERS ASSOCIATION, INC., | § § § | |
| Defendant and Counter-Plaintiff. | § § | |

**PARKSTONE'S MOTION TO STRIKE EXPERT DR. BEARE**

COMES NOW, the Parkstone Property Owners Association, Inc. ("**Parkstone**") and files this Motion to Strike Expert Dr. Beare against Plaintiffs and Counter-Defendants (individually and/or collectively "**Harmony Haus**") and asks this Court to strike Dr. Beare as an expert on the grounds of collateral estoppel and Rule 702 of the *Federal Rules of Evidence*.

## I. INTRODUCTION

The parties have already had one trial between them resulting in a judgment from this Court. After trial, the Court ruled:

> The remaining provisions, including the noise and nuisance provision (Section 2.8) and parking provision (Section 2.11) remain in effect, and Defendant may enforce those if there are violations, though any such enforcement must be applied in an evenhanded manner that treats handicapped and non-handicapped residents alike.

(*Findings of Fact and Conclusions of Law*, 1:19-cv-01034-XR, ECF No. 29 at p. 12, Conclusions). Moreover, "[a]ny violation of the Declaration may be enforced by the Parkstone board . . . Parkstone has, at times, issued violation notices. Def. Ex. 17

1

(*showing potential fine of $50 for parking violation*).” *Id.* at p. 3, § II.4 (emphasis added). Despite this ruling, Dr. Beare was initially designated and “anticipated to testify on” the following topics in this matter:

➢ Harmony Haus residents have diagnoses beyond Substance Use Disorder;

➢ Because of the residents’ conditions, they cannot attend to parking issues;

➢ Ending resident memberships for violations of Parkstone’s parking rules can have fatal consequences and is unreasonable (for the Court’s background on the significance of this opinion, Harmony Haus’s admissions policy states house memberships can end for not following the parking rules and no such memberships have ended); and

➢ Parkstone’s actions on parking are an abuse of discretion, a breach of the board’s fiduciary duties, and Harmony Haus is justified in not terminating any memberships for noncompliance with homeowner associations restrictions.

(*Plaintiffs’ Designation of Experts in Response to Claims for Relief*, ECF No. 37 at p. 2). Many of these issues are barred by collateral estoppel and for the remaining topics, Dr. Beare is neither qualified nor reliable.

After taking Mr. Beare’s deposition and conferring with opposing counsel, it appears Mr. Beare’s testimony will be more limited than the above expert designation and is quite possibly more focused on the third point, the alleged fatal consequences if resident memberships are ended for not following Parkstone’s rules. While Dr. Beare has certainly had some life successes in things unaffiliated with sober living houses such as acting, composing, and other artistic endeavors, he should be not able to testify in this case.

Parkstone objects to and moves this Court to strike, or alternatively limit, Dr. Beare's proffered testimony along with any appearance at trial on the grounds of collateral estoppel and because his opinions are neither relevant nor reliable, as required by the *Federal Rules of Evidence* and applicable case law.

## II. LEGAL STANDARDS

### A.   APPLICABLE LAW:  COLLATERAL ESTOPPEL.

The elements of collateral estoppel are, (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a part of the judgment in that earlier action. *In re Southmark Corp.,* 163 F.3d 925, 932 (5th Cir. 1999). These elements are met with respect to attempts to challenge whether the parking restrictions need to be followed because of the Court's first trial ruling cited above.[1]

### B.   APPLICABLE LAW:  RULE 702 AND *DAUBERT*.

Under Rule 702, an expert may testify if (i) the expert is qualified, and (ii) the trier of fact needs the expert's scientific, technical, or other specialized knowledge to understand the evidence or resolve a disputed fact issue.  Specifically,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of on opinion or otherwise.

---

[1] If necessary, Parkstone also moves on res judicata grounds, and the elements for that are, (1) the parties are identical, (2) the judgment in the prior action was rendered by a court of competent jurisdiction, (3) the prior action was concluded by a final judgment on the merits, and (4) the same claim was involved in both actions.  *In re Southmark Corp.*, 163 F.3d at 934.

FED. R. EVID. 702. The Fifth Circuit has adopted a *Daubert* analysis in determining whether experience-based expert testimony is reliable under Rule 702. Under that analysis, "[a] party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir.2007) (*quoting* FED. R. EVID. 702); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## III.  ARGUMENT

### THE COURT SHOULD STRIKE DR. BEARE AS AN  EXPERT BECAUSE OF COLLATERAL ESTOPPEL AND BECAUSE THE PROFFERED OPINIONS ARE UNRELIABLE

### A.    COLLATERAL ESTOPPEL BAR MOST OF DR. BEARE'S TESTIMONY.

To the extent Dr. Beare intends to opine that Parkstone cannot fully enforce parking restrictions or that residents do no have the ability to attend to parking issues, those matters needed to be raised in the last trial and are barred by collateral estoppel.

### B.    DR. BEARE IS NOT QUALIFIED AS AN EXPERT ON HOMEOWNER ISSUES.

With respect to homeowner association board duties, it does not appear Dr. Beare is going to talk about these issues after conferring and in contrast to the expert designation, but to the extent he would try, he is not qualified to offer any expert opinions on these issues including whether any fiduciary or other duties have been breached or similar issues. He has i) no prior service on any homeowner association boards, ii)  no training or experience with such boards, iii) no published articles relating to such associations, and iv) "no training or experience" that would allow him to testify

about such boards.  (Ex. 1, Beare at pp. 15 – 16).[2] Courts have had no trouble striking proffered experts when they are not qualified on matters set forth in the areas they are testifying about.[3]  The result should be no different here.

**C.    DR. BEARE IS NOT QUALIFIED TO DISCUSS CONSEQUENCES OF HARMONY HAUS'S POLICY ENFORCEMENT, NOR IS HIS TESTIMONY NECESSARY TO UNDERSTAND THE EVIDENCE.**

Dr. Beare also is not qualified to discuss the impact of Harmony Haus's polices, enforcement of such policies, or the resulting impact if house memberships end for individuals in this house. When asked what he knew about Harmony Haus's policies he testified, "I don't know the specifics of Harmony Haus and their accountability.  I'm not a sober living guy."  (Ex. 1, Beare at p. 14, l. 8 – 9). More significantly, he confirmed he had no knowledge about the medical resident histories of people in the Parkstone home to evaluate what impact ending memberships would have on such residents. (Ex. 1, Beare at p. 20, l. 17 – 22).  Nor has he visited the sober living home after residents moved in.  (Ex. 1, Beare at p. 18, l. 20 – 25).

Even if he had such personal knowledge, he testified there are a range of outcomes that can occur for a sober living resident and one cannot "generalize" what will happen when membership ends.  (Ex. 1, Beare at p. 22, 11 – 21; p. 25, l. 8 - 11).  Yet that is exactly what he was designated to testify about – Harmony Haus enforcing its policies to end memberships can *allegedly* have fatal consequences.

---

[2] Because his deposition was just taken, only a draft version of his deposition is available and true and correct copies of the applicable draft pages are provided with this Motion and being used given the Amended Scheduling Order has a deadline to file all Motions by January 29, 2021.
[3] *See e.g., Wilson v. Woods*, 163 F. 3d 935, 937-38 (5th Cir.1999); *see also McKnight v. Dormitory Authority,* 189 F.R.D. 225, 228-31 (N.D.N.Y. 1999) (striking the plaintiffs expert in a Title VII discrimination case where he had no formal training in human

5

Furthermore, this Court can review the relevant documents and evaluate the credibility of witnesses to determine Harmony Haus' claims without needing Dr. Beare's speculative, lay opinions on consequences from enforcing Harmony Haus's rules and/or related homeowner association legal duties.[4]

## IV.  CONCLUSIONS AND REQUESTED RELIEF

WHEREFORE, Parkstone objects to and moves this Court to strike, or alternatively limit, any proffered "expert testimony" by Dr. Beare for the reasons set forth herein and prays for such other and further relief to which it may be entitled, either at law or in equity.

Respectfully submitted,

NIEMANN & HEYER, LLP
Westgate Building, Suite 313
1122 Colorado Street
Austin, Texas 78701
Telephone: (512) 474-6901
Fax: (512) 474-0717

/s/ Eric J. Hansum
Eric J. Hansum, Of Counsel
Texas State Bar No.:  24027225
erichansum@niemannlaw.com

**ATTORNEYS FOR THE
PARKSTONE PROPERTY
OWNERS ASSOCIATION, INC.**

---

resources, had not written articles or given lectures on the subject, and lacked knowledge of current human resources procedures).

**CERTIFICATE OF CONFERENCE**

I have conferred in good faith with opposing counsel on January 14, 2021, regarding this motion, and he is opposed to this Motion.  The motion, therefore, is being presented to the court.

/s/ Eric J. Hansum
Eric J. Hansum

**CERTIFICATE OF SERVICE**

With my signature below, I certify that I served a copy of this document via first class mail and/or via electronic mail to Plaintiffs' and Counter-Defendants' counsel of record in accordance with the *Federal Rules of Civil Procedure* on January 25, 2021.

/s/ Eric J. Hansum
Eric J. Hansum

---

[4] *See generally Lipsett v. University of Puerto Rico,* 740 F. Supp. 921, 925 (D.P.R. 1990) (the offered experts ran the risk of becoming nothing more than an "advocate of policy" before the trier of fact).