# Exhibit 1 -
# Pye Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARMONY HAUS WESTLAKE, L.L.C., et al., | § § § | |
| Plaintiffs and Counter-Defendants, | § § | |
| v. | § § | CIVIL NO. 1-20-CV-486-XR |
| PARKSTONE PROPERTY OWNERS ASSOCIATION, INC., | § § § | |
| Defendant and Counter-Plaintiff. | § § | |

## **<u>Declaration of Brian Pye</u>**

1.      I am over 18 years of age, of sound mind, and fully competent to make this Declaration.

2.      I reside at 4001 Preservation Cove, Austin, Texas 78746.  I am a duly-elected director and unpaid volunteer for the Board of Directors at the Parkstone Property Owners Association, Inc. (**Parkstone**).  I have lived in this neighborhood since 2010. Unless otherwise stated, I have personal knowledge of the facts stated in this Declaration, and they are true and correct.

3.      In my experience as a Board member for Parkstone, with deed restriction violations, including parking violations, damages can be difficult to calculate precisely for the Board. Escalating fines provide a fair, consistent way to address such issues. The Board for Parkstone adopted and intended its escalating fine structure to be a reasonable estimate of damages. The escalating fine scheme sets different levels of fines for curable versus incurable violations. Those differences are proportionate to and a reasonable estimate of the severity of the issues and damages. And a fine cap was also instituted by the Board, which helps keep the structure proportionate to damages.

4.     As shown with the attached homeowner complaints in Exhibit A, Parkstone has suffered damages in the form of increased safety issues with cars parked across from each other thereby limiting visibility to see other residents or to navigate the area.  Other damages include higher traffic congestion on the street since the garage for the sober living home is not used for parking and the driveway is rarely filled to capacity, a diminution of value of the neighborhood's property rights, and there is a loss of the aesthetic and residential character of the neighborhood.

5.     During the process of documenting parking violations, members of the Board have spent hundreds of hours to ensure the parking rules are followed correctly by everyone in the community. Many of those hours are spent on parking issues involving Harmony Haus residents because of their excessive number of violations committed. These hours have also had to be spent because the homeowners that Harmony Haus rented from, Mr. Zhou (**Zhou**) and Ms. Du, have been unwilling to admit the parking violations are occurring or offer that such violations will be accepted if documented through less onerous methods for the Board. In fact, Zhou has inquired on several occasions with various members of the Board that he wants to see the "proof" despite his counsel being provided with extensive photographic and other evidence establishing the extensive violations.

6.     Attached to this Declaration as Exhibit A are various records I am a custodian of on behalf of the Association. These are the original records or exact duplicates of the original records. These records are complaints from numerous homeowners concerning the parking violations by Harmony Haus residents.

7.    Attached to this Declaration as Exhibit B is a true and correct copy of the amendments to the by-laws passed in March of 2020, in which I was present and which was filed with Travis County.

8.    Attached to this Declaration as Exhibit C is a true and correct copy of a Parkstone fine notice from Parkstone's records that was admitted as an exhibit in the last trial.

9.    The records in Exhibits A - C were made at or near the time of each act, event, condition, opinion, or diagnosis set forth or from information transmitted by persons with knowledge of the matters set forth. These records were kept in the course of the regularly conducted business activity of Parkstone. It is the regular practice of Parkstone to make or have someone else make these records. I have reviewed the foregoing Declaration and I declare under penalty of perjury that the foregoing statements are true and correct.


Date: 2-11-21

_____
Brian Pye

# Exhibit A - Complaints

 Gmail

Brian Pye <pyebrian@gmail.com>

---

## Very concerned parent

**Parkstone Board** <parkstoneboard@gmail.com>                    Mon, Aug 24, 2020 at 7:16 PM
To: Parkstone Board <parkstoneboard@gmail.com>

---------- Forwarded message ---------
From: **Derek Keller** <derekbkeller@gmail.com>
Date: Wed, Jul 15, 2020 at 7:46 PM
Subject: Very concerned parent
To: <parkstoneboard@gmail.com>

Dear Parkstone Board,

I hope this note finds everyone well. I certainly don't mean to be a pesky neighbor, but I've encountered a dangerous situation now 10+ times in just the last few weeks with my little 2 and 4 year old children on Real Catorce Drive, right between the green belt entrance and the stop sign (see attached images). Every day, as I walk with my children in the morning and in the afternoon, I'm noticing the same, oversized trucks and SUVs parked in the same place for well over the allowed 12 hour period. Not only is this a neighborhood violation, but this is becoming an increasingly greater risk for myself and my neighbors that also have small children and try to enjoy the sidewalk, the greenbelt, and the roadway itself.

As you can see from the attached image, this is just a snapshot of the vehicles that are never moving. You'll also see my tiny little 2 year old son on a scooter. We try to keep him on the sidewalk, where he normally stays, but both he and my 4 year old are at an age where they unpredictably run in different directions, and with 8-10 cars on the street for all hours of nearly every day, this region becomes extremely dangerous as passing cars must pass through a narrow path with no peripheral vision and little children become dramatically at risk of being hit - both by the passing cars, but also the fleets of bikes that leave the greenbelt each morning. This is the only road section in the entire area that has this volume of cars parked on the street, and parked for longer than the allotted 12 hour period. This parking and traffic volume has dramatically altered the character of the neighborhood for us a family that moved here specifically for a safe environment in a gated, cul-de-sac street where we were confident our children would be able to play care free without risk of passing traffic, and especially these dangerous conditions between the green belt path and the stop sign.

My biggest fear is that something will have to tragically happen to my children or someone's else's children in the dangerous zone before the rules and laws are finally enforced, without exception. I'm pleading with the board to please help resolve this situation.

My very sincerest thank you for all you as members of the board have done and continue to do for our fellow neighbors.

Derek & Dayanne Keller

--
Derek Keller
208.859.6197

HOA 000290



HOA 000291



HOA 000292



Brian Pye <pyebrian@gmail.com>

---

**letter to Parkstone Board**

---

**Jennifer Laessig** <jenlaessig@yahoo.com>                                        Sun, Nov 15, 2020 at 11:44 AM
To: "pyebrian@gmail.com" <pyebrian@gmail.com>

Hi Brian,

First of all, thank you for your continued effort on behalf of our community. We recognize that your role as a representative of our community has been much more demanding than expected, and we appreciate all that you do.

Matt and I have lived in this neighborhood since 2012, and have noticed some unfortunate changes recently that we would like to convey to the board. We would appreciate it if you would pass along our concerns, listed below.


Dear Parkstone HOA Board Members,

We (Matt and Jennifer Laessig) are extremely grateful for the relentless effort that the board members and HOA representatives have contributed over the years that we have lived in this community. We have been impressed by the professionalism and level of involvement that the Parkstone HOA board has shown since we first moved here in 2012, and we believe strongly the attention the board has given our neighborhood concerns has benefitted the community enormously. The Parkstone HOA board is more than symbolic--it has maintained a vital sense of community and cooperation, safe streets, and attractive common areas and properties. We appreciate that the board has worked hard to maintain the ambience of our neighborhood by managing everything from functional security gates to HOA rule violations, and that it has actively enforced the covenants and guidelines that we agreed to when moving into the neighborhood.

Until recently, we felt that all neighborhood members were abiding by our mutually agreed upon guidelines and implicit courtesies. Unfortunately, we have noticed significant changes in traffic flow and street parking that we feel should be brought to the board's attention in the hopes that they can be remedied. First, we have seen a substantial uptick in the volume of traffic coming and going in the neighborhood recently, much of which is from cars and drivers unfamiliar to us. As this neighborhood has always had very low turnover, we're surprised at this recent turn of events. While we feel that this is a very welcoming neighborhood to all newcomers, including shorter term renters, we also believe that residents that do not know the community may be less aware of the children, pets and elderly neighbors who frequently walk the sidewa ks, play and ride bikes in the streets, and get on and off of school buses.

Additionally, as we have recently adopted a dog, we have been walking through the neighborhood daily, and have seen a distressing pattern of parking on Real Catorce Drive near the intersection of Real Catorce Drive and Preservation Cove. There are frequently, if not always, cars parked on both sides of the street, creating a narrow passage for traffic, and an obstacle to clear line of sight. There is also a high volume of delivery drivers of grocery stores, restaurants and the like making deliveries at 2105 Real Catorce Drive day and night. These drivers are often unfamiliar with the neighborhood, and are distracted by trying to find the delivery address. We have witnessed many incidents of careless, reckless and distracted driving around this property, and are genuinely disappointed that this is allowed to take place given the very specific rules set by the HOA, and mutual courtesy given by Parkstone residents.

We would appreciate your attention to these issues, and hope that you will be able to find a way to restore the safety and security of the neighborhood before an accident or injury takes place. As always, we are extremely grateful for your effort in maintaining the safety of Parkstone.

Sincerely,

Matt and Jennifer Laessig

---------- Forwarded message ---------
From: **Shambhu Suman** <shambhus@gmail.com>
Date: Thu, Dec 24, 2020 at 11:47 PM
Subject: Complaint against 2105 Real Catorce
To: Parkstone Poa <parkstoneboard@gmail.com>

Dear Board Members

This afternoon I noticed an elderly gentleman ( one of the residents or their guest) , urinate by the side of that house.  They(two men) had just arrived  by the house in  a blue car. I am sure they did see us (including my son and daughter) as we were about to head out towards the trail.

I seriously hope they get to some level of sanity and decency soon.

**Shambhu:214-995-0719**

HOA 000347

 Gmail

**Chris Copeland <chris@cope360.com>**

## Cars on street violating HOA rules
2 messages

**John Shaw** <shawjz7777@gmail.com>                                    Fri, Nov 15, 2019 at 2:42 PM
To: Parkstone Poa <parkstoneboard@gmail.com>

Hey there

There are 4 cars parked on the street from at least 10am.  They are in violation of HOA rules.



HOA 000274



Thanks

John
--
Thanks

John Shaw
9176808610

---

**Brian Pye** <pyebrian@gmail.com>                                    Fri, Nov 15, 2019 at 3:10 PM
To: John Shaw <shawjz7777@gmail.com>
Cc: Parkstone Poa <parkstoneboard@gmail.com>

Thanks John, we're actively working on addressing this.
[Quoted text hidden]

 Gmail

**Chris Copeland <chris@cope360.com>**

---

## Speeding Vehicles
4 messages

---

**Shambhu Suman** <shambhus@gmail.com>                                 Thu, Mar 5, 2020 at 5:18 PM
To: Parkstone Poa <parkstoneboard@gmail.com>, parkstoneviolations@gmail.com

My daughter got off the school bus today and before she crossed over to walk to home, she luckily yielded to a white jeep in a huge rush. I witnessed all this.

The white jeep - parked in the driveway of sober house. I wonder how many exceptions is a sober house vehicle entitled to before they run over someone innocent.

I did take the picture of the license plate of the jeep.

thanks
**Shambhu:214-995-0719**



**IMG_6494.HEIC**
1320K

---

**Brian Pye** <pyebrian@gmail.com>                                 Thu, Mar 5, 2020 at 5:22 PM
To: Shambhu Suman <shambhus@gmail.com>
Cc: Parkstone Poa <parkstoneboard@gmail.com>, parkstoneviolations@gmail.com

Did the Jeep pass the school bus while it had its stop sign out?
[Quoted text hidden]

---

**Shambhu Suman** <shambhus@gmail.com>                                 Thu, Mar 5, 2020 at 5:24 PM
To: Brian Pye <pyebrian@gmail.com>
Cc: Parkstone Poa <parkstoneboard@gmail.com>, parkstoneviolations@gmail.com

No.
[Quoted text hidden]
--

**Shambhu:214-995-0719**

---

**Chris Copeland** <chris@cope360.com>                                 Thu, Mar 5, 2020 at 5:26 PM
To: Shambhu Suman <shambhus@gmail.com>
Cc: Brian Pye <pyebrian@gmail.com>, Parkstone Poa <parkstoneboard@gmail.com>, parkstoneviolations@gmail.com

Shambhu, I think the best course of action is for you to report this to the manager so that she can take action.
[Quoted text hidden]

To Whom it May Concern:

This letter expresses issues with having a commercial living facility (Harmony House) in a residentially zoned community.

When we moved here from Boston, we moved from an area that was zoned for commercial real estate. We were in a high-rise apartment building and even had a soup kitchen next door where we often donated our time and food.

When we moved to our quiet subdivision in Austin (Parkstone) we read the Home Owner Association rules and regulations and saw that it wasn't zoned for hospitals, AirBNB, short term rentals, restaurants, libraries, bed & breakfasts, fraternities, etc.

It was a community of single-family homes with a gate to protect the children from traffic. This was perfect for our two small daughters and us. The non-commercial aspect of the community was one of the main reasons we bought our home in this community (Parkstone).

My issue over having a commercial property in Parkstone is:

1.  It has dramatically increased the traffic on the streets making it less safe for our daughters to ride their bikes, scooters, etc. I actually witnessed first hand them almost getting hit by a car this week.
2.  The heavy traffic also puts additional wear and tear on the gate so the gate is braking more often. When the gate brakes it has to be left open which means cars aren't being slowed when they enter the subdivision. The cars and trucks are coming in at high speeds right by houses with children on their bikes, roller skates, and scooters.
3.  The excess use and wear on the common grounds, gate, and streets is an extra cost to all of the homeowners. The average home here only has 3 individuals and 2 cars not 12 individuals and 12 cars with guests.
4.  Just writing this letter is an additional burden I didn't sign up for when buying this home, let alone the sleepless nights my wife has endured worrying about the safety of our children. We were sleeping great before a for profit commercial property was plopped just down our street.
5.  Having 8 cars on the street and parked on both sides of the street forces the road in front of the commercial property to a single lane, which is very dangerous and is also across from a bus stop. It dramatically limits site lines. These cars are often blocking a greenbelt entrance and exit so more traffic incidents are likely to occur as cars have a more difficult time seeing joggers, bikes, and strollers exiting the greenbelt. This is also in violation of the HOA.
6.  The increased traffic is dangerous and noisy - as well as the noise from 12 adult males makes the community less enjoyable to live in.
7.  It gives more people access to the gate code which makes it less safe for our children– and the constant turnover is an extra burden of having to change the gate code and then remember the new code for all home owners.
8.  The constant change of individuals isn't good for our community – the average stay is only 7 months. It introduces a host of strangers where my daughters no longer feel safe to walk or ride their bikes in the neighborhood since we and their schoolteachers have drilled into them to avoid strangers. Adult males account for over 80% of violent crime. This commercial property only houses adult males.

HOA 000284

9. Imagine if you are the judge and the next day 12 cars are parked constantly in front of your house – and now you have 12 strangers that are constantly turning over entereing and existing a house right next to you, this is an unnecessary burden you didn't sign up for.

If a McDonald's, Hospital, Library, Fraternity, Motel, Bed & Breakfast, etc. isn't zoned for Parkstone why can a for profit business can take advantage of an apparent loop hole?

This is a direct quote from the founder and CEO of Harmony House, Daniel Ragette, in the Austin Statesman:

*"One thing we forget about in sober living is **that <u>we're really in the real estate business</u>**," Ragette said. … at the end of the day, **<u>we're providing housing</u>** and we have a right to the housing of our choice."*

They certainly have the right to the housing of their choice in places that are zoned for small hotels or fraternity houses like this. They are a for profit business that is taking advantage of a loophole at the expense of this small community.

In our old community in Boston I gladly welcomed hospitals, libraries, sober living facilities, small hotels, etc. because it was zoned for it. When we lived in downtown Austin the first year we moved here we also welcomed such facilities – we loved living next door to the library and the gym. The area was zoned for it.

Parkstone isn't zoned for commercial housing and I'm concerned that a For Profit Real Estate business, taking advantage of a loop hole, might cause a terrible accident to occur here – to children of the community - it's the law of numbers and this is a residential area, not a commercial one.

Sincerely, Erik Qualman

HOA 000285

 **Gmail**

Chris Copeland <chris@cope360.com>

---

## 2105 Real Catorce
3 messages

---

**Jennifer McGrew** <jennifer.mcgrew@gmail.com>                                         Sun, Jul 26, 2020 at 1:06 PM
Reply-To: jennifer.mcgrew@gmail.com
To: Parkstone Poa <parkstoneboard@gmail.com>

Parkstone Board,

I'm writing because I remain frustrated with the number of vehicles and resulting traffic from the residents (and visitors) at
2105 Real Catorce and how that has impacted the nature of the neighborhood and the other residents' use of the
neighborhood.

There are often many vehicles parked on both sides of the street outside of the sober house (even when the driveway
remains empty or with only a car or two in it), causing the remaining amount of road on which to drive past the house (to
get to my house) to be very narrow. They also park in front of my house and on the street across from my house. Many of
these vehicles are large SUVs or trucks, compounding the space issue.

Additionally, there are vehicles parking and leaving throughout the day and into the night. In the evening/at night in
particular, it is distracting to see vehicle lights shining through our windows multiple times a night, every night. The tail
lights from vehicles going in and out of the driveway shine into the window of my 4-year-old son's bedroom.

When we moved to this neighborhood, a large part of the appeal was that a neighborhood of single-family homes on a
street ending in a cul-de-sac would mean less vehicle traffic, so my kids (currently age 4 and 7) could play outside, could
learn to ride their bikes on the street outside my home, and could otherwise be safer playing outside than they would on a
street in a more dense neighborhood or in front of a house that wasn't near the end of a cul-de- sac.

Since the home at 2105 Real Catorce has started operating as a sober living residence, the sharp increase of traffic from
the residents and visitors at that house (not only parking in front of or across the street from the house or in its driveway,
as well as parking in front of my house and across from it, but traffic from residents/visitors driving past my house into the
cul-de-sac to turn around then park in front of the sober house or my house), it is no longer safe for my kids to practice
riding their bikes on the street or play in either of the cul de sacs near our home because of the additional traffic.

-Jennifer

---

**Chris Copeland** <chris@cope360.com>                                         Mon, Jul 27, 2020 at 8:51 AM
To: Jennifer McGrew <jennifer.mcgrew@gmail.com>
Cc: Parkstone Poa <parkstoneboard@gmail.com>

Hi Jennifer, thanks for your note.  The board is continuing to work to resolve the issue.

Chris
[Quoted text hidden]

                                    **Brian Pye <pyebrian@gmail.com>**

---

## Noise and cars

**John Shaw** <shawjz7777@gmail.com>                    Sun, Jul 12, 2020 at 7:34 PM
To: Parkstone Poa <parkstoneboard@gmail.com>

Hey Parkstone HOA

We wanted to write to you again about the amount of cars and noise that is generated at the new neighborhood 12 bed rental property.  My daughter who has diagnosed ADHD is scared to play Shubas house which is next door due to the property.  This overall increase in traffic isn't something that the neighborhood was designed to accommodate.  Can we request that the neighbors park in the driveway and not on the street?

Thanks

John and Lori Shaw
--
Thanks

John Shaw
9176808610

# Exhibit B -
# By-law amendment

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Dana DeBeauvoir, County Clerk
Travis County, Texas
Mar 05, 2020 01:04 PM    Fee: $30.00
**2020037044**
*Electronically Recorded*

STATE OF TEXAS            §

COUNTY OF TRAVIS          §

**AMENDMENT TO BYLAWS**
**OF**
**PARKSTONE PROPERTY OWNERS ASSOCIATION, INC.**

> **Document reference.** Reference is hereby made to that certain <u>Revised and Restated Declaration of Covenants, Conditions and Restrictions Parkstone P.U.D., Phase I</u>, filed at Volume 13258, Page 0038 of the Real Property Records of Travis County, Texas, and that certain <u>Deed Restriction Clarification, Agreement and Amendment Parkstone Phase I</u>, filed as Document No. 2005192513 in the Official Public Records of Travis County, Texas, and the <u>Amendment to Revised and Restated Declaration of Covenants, Conditions and Restrictions, Parkstone P.U.D., Phase 1</u>, filed as Document No. 2013179688 in the Official Public Records of Travis County, Texas (collectively, together with all amendments and supplements thereto, the "**Declaration**").
>
> Reference is further made to the Bylaws of Parkstone Property Owners Association, Inc., filed s Document No. 1999161860, and the <u>Amendment to Bylaws of Parkstone Property Owners Association, Inc.</u>, filed as Document No. 2008189828 in the Official Public Records of Travis County, Texas (collectively, together with all amendments thereto, the "**Bylaws**").

WHEREAS owners of lots subject to the Declaration are automatically made members of the Parkstone Property Owners Association, Inc. (the "**Association**");

WHEREAS acting through its Board of Directors (the "**Board**"), the Association is authorized by Declaration section 4.4(c) and Texas Business Organizations Code section 22.102(c) to amend the Bylaws;

WHEREAS the Board voted at a meeting held March 3, 2020, to amend Bylaws section 4.1.1, Rulemaking Authority, to read as follows:

> "**4.1.1** <u>Rulemaking Authority.</u>  The Board of Directors is specifically empowered to adopt, amend and repeal rules governing the use of all property subject to the Declaration, and the personal conduct of the Members, residents, tenants, and guests thereon, and to establish penalties for the infraction of any Declaration, Bylaw or rule provision.  The Owner of a Lot is responsible for all infractions committed by himself/herself, residents, guests and invitees and those of any tenant and tenant's guests or invitees."

THEREFORE the above amendment to Bylaws section 4.1.1 has been, and by these presents is, ADOPTED and APPROVED.

Subject solely to the amendment contained herein, the Bylaws remain in full force and effect.

*Signature page follows*



I, Dana DeBeauvoir, County Clerk of Travis County, certify this to be a true and correct copy as the same appears of record in my office. Witness my hand and seal of office on this date.

Date:  01/11/2021                                      Dana DeBeauvoir, Travis County Clerk

By: _____  Deputy Clerk

*Y. CORTEZ*

HOA 000357

**PARKSTONE PROPERTY OWNERS ASSOCIATION, INC.**
Acting by and through its Board of Directors

By:
Name: _Brian Pye_
Title: _Director_

### Acknowledgement

STATE OF TEXAS            §
                         §
COUNTY OF _Travis_        §

This instrument was acknowledged before me on this _4th_ day of _March_ 2020, by _Brian Pye_, in the capacity stated above.

Notary Public, in and for the State of Texas

MARGARET LAMORE
Notary ID #124594652
My Commission Expires
October 12, 2023

/Volumes/File Server/CLIENTS/Parkstone/BylawAmend3-4-20.doc

**After recording, please return to**:
Niemann & Heyer, L.L.P.
Attorneys At Law
Westgate Building, Suite 313
1122 Colorado Street
Austin, Texas 78701

I, Dana DeBeauvoir, County Clerk of Travis County, certify this to be a true and correct copy as the same appears of record in my office. Witness my hand and seal of office on this date.
Date: 01/11/2021                        Dana DeBeauvoir, Travis County Clerk
By: _____  Deputy Clerk

Y. CORTEZ

HOA 000358

# Exhibit C -
# Prior fine letters;
# Parkstone's Exhibit 17
# admitted at trial.

# Parkstone POA

## c/o Goodwin Management, Inc.
### 11149 Research Blvd. Suite 100, Austin TX 78759-5227

### Office (512) 502-7517

February 22, 2013

UnitKey:  91461
VID:  344632

Rafik & Rozmin Momin
2201 Real Catorce
Austin, TX 78746

**RE:    1st violation - 2201 Real Catorce**
**Violation Date - 2/20/2013; Fine Assessed: $0.00**
**Property Inspected by Carl Gamble**

Dear Homeowner:

As the owner of the above captioned property it is your responsibility to comply with the Conditions, Covenants, and Restrictions (CCR's) and rules and regulations concerning the association.  Please accept this letter as a friendly reminder that you are in violation of the CCR's and/or rules and regulations as follows:

   Parking - Excessive parking in street is not allowed.

Comments:   License Plate # AV34386 Excessive Parking in Street is not allowed. 209 Letter, 30 day notice to fine $50.00 per-day/occurance. Enclosure.  We appreciate your attention to this matter.

The Board, acting on behalf of all the owners, sets the policy to enforce the CCR's and rules and regulations in order to preserve and enhance property values.

Your cooperation in curing any existing violations and preventing future violations is greatly appreciated.

on Behalf of the Board of Directors of Parkstone POA,

*Carl Gamble*

Carl Gamble, Property Manager
direct office line (512) 502-7517

*The following information is required by law:  As the property owner you are entitled to a reasonable period of time to cure this violation if the association has not notified you of the same or a similar violation within the past 6 months in order to avoid any fines or any suspension of your rights as an association member.  If this violation, or a similar type of violation, has occurred in the past six months, you may be liable for fines.  If a fine has been assessed, it is noted in this letter. You may request a hearing before the Board to discuss and verify facts and resolve the matter in issue.  Your written request for a hearing must be submitted within 30 days of your receipt of this letter.  Any such hearing will take place within 30 days following the date your request is received by the Board.  In the event an attorney is retained to enforce compliance or the collection of any money due to the association, you will be responsible for the payment of attorney's fees and/or costs of collection after the expiration of 30 days of the date you receive this letter if no hearing has been requested, or immediately after any such hearing provided the Board does not waive the fine(s).  Owners may have special rights or relief reltated to the enforcement action under federal law, including the Servicemembers Civil Relief Act (50 USC app. Section 501 et seq) if an owner is service on active military duty.  Please notify us immediately if you are a servicemember.*

DEFENDANT'S
EXHIBIT

# 17

20-50185.1379

# Parkstone POA

## c/o Goodwin Management, Inc.
## 11149 Research Blvd. Suite 100, Austin TX 78759-5227

### Office (512) 502-7517

October 1, 2014

UnitKey: 91457
VID: 464884

Ling Zhou and Fenglin Du
2105 Real Catorce
Austin, TX 78746

**RE:   1st violation - 2105 Real Catorce**
       **Violation Date - 9/30/2014; Fine Assessed: $0.00**
       **Property Inspected by Board of Directors**

Dear Homeowner:

As the owner of the above captioned property it is your responsibility to comply with the Conditions, Covenants, and Restrictions (CCR's) and rules and regulations concerning the association.  Please accept this letter as a friendly reminder that you are in violation of the CCR's and/or rules and regulations as follows:

    Parking - Excessive parking in street is not allowed.


Comments:   PARK IN YOUR DRIVEWAY AND NOT ON THE HOA'S STREET

The Board, acting on behalf of all the owners, sets the policy to enforce the CCR's and rules and regulations in order to preserve and enhance property values.

Your cooperation in curing any existing violations and preventing future violations is greatly appreciated.

          on Behalf of the Board of Directors of Parkstone POA,


*Carl Gamble*

Carl Gamble, Property Manager
direct office line (512) 502-7517
email: Carl.Gamble@goodwintx.com

*The following information is required by law: As the property owner you are entitled to a reasonable period of time to cure this violation if the association has not notified you of the same or a similar violation within the past 6 months in order to avoid any fines or any suspension of your rights as an association member. If this violation, or a similar type of violation, has occurred in the past six months, you may be liable for fines. If a fine has been assessed, it is noted in this letter. You may request a hearing before the Board to discuss and verify facts and resolve the matter in issue. Your written request for a hearing must be submitted within 30 days of your receipt of this letter. Any such hearing will take place within 30 days following the date your request is received by the Board. In the event an attorney is retained to enforce compliance or the collection of any money due to the association, you will be responsible for the payment of attorney's fees and/or costs of collection after the expiration of 30 days of the date you receive this letter if no hearing has been requested, or immediately after any such hearing provided the Board does not waive the fine(s). Owners may have special rights or relief related to the violation under federal law, including the Service Members Civil Relief Act (50 USC app. Section 501 et seq) if a homeowner is on active military duty. Please notify us immediately if you are a Service Member.*