# Exhibit 1 – Proposed Scheduling Order

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARMONY HAUS WESTLAKE, L.L.C., et al., | § § § | |
| Plaintiffs and Counter-Defendants, | § § § | |
| v. | § § | CIVIL NO. 1-20-CV-486-XR |
| PARKSTONE PROPERTY OWNERS ASSOCIATION, INC., | § § § § | |
| Defendant and Counter-Plaintiff. | § | |

**SCHEDULING ORDER**

The Court will evaluate and rule on Parkstone's Motion to Strike Dr. Beare [docket entry 40] and the cross-motions for partial summary judgment from the parties [docket entries 42 and 43].

The Court also orders the following scheduling order deadlines:

**WITNESS LIST, EXHIBIT LIST, DISCOVERY, AND PRETRIAL DISCLOSURES**

The deadline for the parties to supplement Initial Disclosures and other discovery responses is _____, **2022**.

**Defendant's note:**

On the same day and before the case had been closed, on March 3, 2021, Respondent's counsel had emailed opposing counsel to conference on a request for a continuance and to supplement damages since Plaintiffs had indicated the disclosures were not supplemented correctly in their summary judgment motion. Given the case has been closed for months and a new trial setting will not occur for a substantial time period, Parkstone requests leave to supplement its Initial Disclosures and other discovery responses including on damages.

Plaintiffs never complained about the sufficiency of Parkstone's discovery responses until **after** the discovery deadline had passed with its Motion for Summary Judgment. Given the new length of time for trial, the supplementation that will occur on damages is not prejudicial and the supplementation will not delay this proceeding. *See*

*also CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009) (factors for harmless error to supplement discovery include a consideration of the explanation for a late disclosure, the importance of the information, potential prejudice, and if a continuance can cure it); FED. R. CIV. P. 37(C) (harmless error rule).

With respect to Parkstone's Motion for Partial Summary Judgment, in light of the Fifth Circuit's decision and confirmation that Parkstone did not discriminate under the Fair Housing Act, Parkstone's summary judgment argument that there cannot be a stand-alone retaliation claim without an underlying discrimination claim is even stronger now. Phrased differently, without any discrimination or Section 3604 claim, there cannot be a Fair Housing Act retaliation claim *as a matter of law* (*see* the two unpublished Fifth Circuit decisions cited in Parkstone's Motion at pages 15 - 16).

**Plaintiffs' note:**

Plaintiffs respectfully submit that their Partial Motion for Summary Judgment (Dkt. No. 43) was and is dispositive of Defendant's counterclaims in part because Defendant has not demonstrated and cannot demonstrate any actual harm or damages resulting from any complained-of conduct on the part of Plaintiffs. Without such a demonstration, the requested remedies are unavailable. Because Plaintiffs have shown in their Partial Motion for Summary Judgment that Defendants cannot succeed on these claims, any additional discovery on the relevant issues would merely waste the resources of both parties. Defendants did not merely fail to supplement disclosures. On the contrary, members of Defendants' board indicated in sworn testimony that the existing disclosures accurately reflected any claimed damages. They could not have done otherwise because the underlying facts preclude any showing of actual damages, as discussed in Plaintiffs' Partial Motion for Summary Judgment. Consequently, Plaintiffs respectfully request that this Court deny leave to supplement discovery on the issues forming the subject of Plaintiffs' Partial Motion for Summary Judgment until such time as the Court has had the opportunity to evaluate and rule on that Motion. With respect to any other discovery supplementation, which Plaintiffs respectfully submit should be limited to supplementation of discovery with respect to issues on which discovery has been previously provided, Plaintiffs propose a deadline of January 10, 2022. As regards Defendants' Motion for Partial Summary Judgment, Plaintiffs respectfully refer the Court to their prior briefing on this topic. As demonstrated by the arguments and authorities presented there, the Fifth Circuit's determination has no bearing on whether or not Defendants retaliated in response to Plaintiffs' efforts to vindicate their federally protected rights.

_____

The deadline for filing Rule 26(a)(3) disclosures is _____, **2022**.

The deadline for filing objections under Rule 26(a)(3) is _____, **2022**.

Any objections not made will be deemed waived.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is **_____, 2021.**

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on _____ (a week or two before the trial date should be fine) at 10:30 A.M.

Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

The Bench Trial Date is _____ (*The parties request a bench trial in March or April of 2022 and estimate two days for trial.  Respondent's counsel has Spring Break with his children on March 14 -18 and would respectfully request to avoid that week if possible and one of Parkstone's potential witnesses is not available April 18-24; the parties are happy to confer further once they know which dates the Court has available for trial) at 10:30 A.M.

--------

**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**